UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID ZEBROWSKI                                                                           PETITIONER

V.                                                          CIVIL ACTION NO. 5:11-cv-00082-DPJ-FKB

ARCHIE LONGLEY                                                                         RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by David Zebrowski, a federal inmate currently housed at the Yazoo City Federal Correctional Institution pursuant to 28 U.S.C. § 2255, concerning his loss of earned good time credit[1] as a result of a disciplinary hearing. Docket No. 1. Having considered the petition and all other filings, the undersigned recommends that the petition be dismissed for the following reasons.

I. FACTS

Officer E. Parks, a correctional officer at the Yazoo County facility in which Petitioner is housed, completed an incident report by which she asserted that on March 1, 2011, Zebrowski made an intimidating face at her, swung a door open with her key still in it, then refused to obey her command that he return to the door. Docket No. 1-35, p. 1. Initially the incident was described as "Threatening Another with Bodily Harm or Any Other Offense" and "Refusing to Obey Order or Any Staff Member." Id. The report was later amended to describe the incident as "Assault with Minor Injury" and "Refusing to Obey Order or Any Staff Member." Zebrowski was given written notice of the charge on March 1, 2011. Docket No. 12-6, p. 2. He was

---

[1]Though the Petition states Zebrowski lost twenty-one (21) days good time credit, Docket No. 1, p. 106, the records provided by Respondent reflect Zebrowski lost fourteen (14) days good time credit as a result of being found to have refused to obey an order. Docket No. 12-6, p. 4. Zebrowski acknowledges the loss was fourteen days in his Opposition to the Response to the Petition. Docket No. 14, p. 12.

advised of his rights on March 7, 2011. Id. A disciplinary hearing was held on March 9, 2011, at which staff representative F. Troublefield appeared on Zebrowski's behalf, at his request. Id. The Hearing Officer's Report indicates that though Zebrowski had initially requested a witness, he declined to call the witness at the hearing. Id. and Docket No. 12-2, p. 3. Though Zebrowski denied refusing to obey an order, the Hearing Officer concluded that Zebrowski had refused to obey an order based on the officer's account of the incident. Id. at 4. The Hearing Officer determined the assault charge was not supported by the evidence and that charge was dismissed. Docket No. 12-2, p. 3. The sanctions imposed for refusing to obey an order were fourteen (14) days disciplinary segregation, the disallowance of fourteen (14) days good time conduct and ninety (90) days of commissary restrictions. Id.

## II. DISCUSSION

Federal prisoners have a protected liberty interest in accumulated good time credit. Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Wolff v. McDonnell, 418 U.S. 539 (1974), describes the procedural safeguards applicable to disciplinary proceedings resulting in a loss of good time credit: 1) twenty-four hours advance written notice of the charges; 2) a written statement by the fact-finder as to the evidence relied on and the reasons for the disciplinary action; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance at the hearing if the inmate is illiterate or if the matter is complex; and 5) an impartial fact-finder. Wolff, 418 U.S. at 563-72. To be entitled to habeas relief, Zebrowski must also show that he was prejudiced by an alleged violation of due process. Staples v. Keffer, 419 Fed. Appx. 461, 462 (5th Cir. 2011). Finally, a decision to revoke earned good time credit must be supported by "some evidence." Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).

The record is clear that Petitioner in this case received the outlined due process. Docket No. 12-2 and 12-6, pp. 2-5. The only dispute with respect to the hearing itself concerns the witness. Zebrowski claims his witness was not called but the Disciplinary Hearing Officer's record reflects that though Zebrowski did initially request a particular witness, he waived the right to call that witness at the hearing. Moreover, the statement of the witness, presented to the Court in support of Zebrowski's petition, indicates that the alleged witness did not hear the entire exchange between Zebrowski and the guard from which the disciplinary report stemmed. Docket No. 14-5. Even if Zebrowski did not waive having the witness at the hearing as the Hearing Officer reported, he cannot show prejudice from allegedly not being allowed to call the witness.

Zebrowski also complains the prison did not thoroughly investigate the matter and that the hearing was not conducted within three (3) days of the incident as required by the prison's regulations.[2] Respondent asserts that the delay in the hearing date was due to the amendment to the disciplinary report and that the time frame is not a strict one, but a guideline. Docket No. 12, pp. 7-8. A prison's failure to comply with its own regulations does not in and of itself give rise to a constitutional violation. Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Morever, Zebrowski has demonstrated no prejudice from this alleged failure nor has he even alleged that the delay prejudiced him in any manner. See Staples, 419 Fed. Appx. at 462-63. Respondent

---

[2]The applicable "Program Statement 5270.08" provides:

> Each inmate so charged is entitled to an initial hearing before the[Unit Discipline Committee], ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident.

Docket No. 12-7, p. 2.

does not address Zebrowski's failure to investigate claim, but again, Zebrowski has demonstrated no prejudice from this alleged failure.

"The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Hill, 472 U.S. at 456. Further, "any" evidence in the record is sufficient. Id., at 455. In this case, the Hearing Officer specifically noted the evidence on which he based his decision, specifically, the "eye witness account of the reporting officer." Docket No. 12-2, p. 3; Docket No. 12-6, p. 4. The undersigned finds that the decision to revoke Zebrowski's earned good time was based on sufficient evidence.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that habeas relief be denied and the petition dismissed without prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of January, 2012.

s/F. Keith Ball
UNITED STATES MAGISTRATE JUDGE