UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID ZEBROWSKI                                                                PETITIONER

VS.                                                          CIVIL ACTION NO. 5:11cv82-DPJ-FKB

ARCHIE LONGLEY                                                                 RESPONDENT

ORDER

This habeas petition came on this date to be heard upon the Report and Recommendation [15] of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge Ball recommended dismissal of the petition. Petitioner David Zebrowski filed Objections [16], and Respondent Archie Longley declined to respond. The Court, having fully reviewed Zebrowski's Objections and the Report and Recommendation, and being duly advised in the premises, finds that Judge Ball's recommendation should be adopted as the opinion of this Court.

First, Zebrowski argues that he was prejudiced because the hearing officer failed to call witnesses.[1] From his brief and the affidavits Zebrowski submitted, it appears that two other inmates testified that the reporting officer said, "You could have at least said excuse me." Objections [16] Ex. 5, Adams Aff. ¶ 4; *id.*, Ex. 6, Leggett Aff. ¶ 4. But these witnesses had also testified that they "did not hear what else was said during the conversation." Objections [16] Ex. 5, Adams Aff. ¶ 6; *id.*, Ex. 6, Leggett Aff. ¶ 6. Even if the hearing officer improperly excluded the witnesses,[2] Zebrowski appears to argue that these witnesses would have provided affirmative

---

[1]Zebrowski does not object to Judge Ball's conclusion that he waived his right to call witnesses at the disciplinary hearing. *See* Defs.' Resp. Pet. [12] Ex. 4, Notice of Hr'g at 2.

[2]"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In this context, "due process typically requires notice, an opportunity to call witnesses and present evidence, and that 'some evidence' supports the ruling, but those

proof that the incident never happened. But the witnesses' affidavits reveal that something occurred between Zebrowski and the guard, and at best the witness testimony would have shown only that the two affiants did not see or hear the entire incident. *Mascitti v. Thaler*, 416 F. App'x 411, 415 (5th Cir. 2011) ("[E]ven in the event of a constitutional violation, a habeas petition may not be granted unless the petitioner demonstrates that he was prejudiced by the violation." (citation omitted)). Thus, Judge Ball correctly concluded that Zebrowski could not show prejudice as a result of the witnesses' exclusion.

Second, Zebrowski cites *Howard v. United States Bureau of Prisons* to argue that the hearing officer's decision was arbitrary and capricious because he relied only on what the reporting officer had written "without any supporting facts." Objections [16] at 6–7 (citing 487 F.3d 808, 814 (10th Cir. 2007)). But unlike the petitioner in *Howard*, Zebrowski was given the opportunity to present witnesses but chose not to do so. Rather, that case dealt with a disciplinary hearing officer's "unjustified refusal to produce and review" a videotape, which amounted to a denial of due process. *Howard*, 487 F.3d at 814. Aside from being persuasive authority, *Howard* is also not on point. *Howard* dealt with an administrative tribunal's *denial* of the plaintiff's request to produce potentially exculpatory video evidence. *Id.* at 813–14. Here, the hearing officer merely determined that Zebrowski *waived* his right to call a witness, not that he was forbidden from doing so. While Zebrowski might be frustrated that the hearing officer based his decision mainly on the written testimony of the reporting officer, that fact alone would not place Zebrowski in a similar situation to the prisoner in *Howard*.

---

requirements are flexible and must be balanced against 'legitimate penological interests.'" *Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011) (quoting *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000)).

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed without prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of March, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
